IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INDELPRO S.A. DE C.V., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-19-4115 |
| VALERO MARKETING AND SUPPLY COMPANY, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Indelpro S.A. de C.V. has sued Valero Marketing and Supply Company, alleging that Valero supplied contaminated marine fuel to one of its ships, the *M/V Zoe Schulte*, damaging her engine and engine components. (Docket Entry No. 1). Indelpro asserts state-law claims of contract breach, breach of warranties, negligence, and product liability. (*Id.*). Valero answered and filed a third-party complaint against Trafigura Trading LLC. (Docket Entry No. 5). Valero alleged that Trafigura sold the contaminated fuel that damaged the *M/V Zoe Schulte* to Valero, and asserted state-law contract breach, negligence, breach of warranties, products liability, and a violation of the Texas Civil Practice and Remedies Code. (*Id.*). Trafigura has moved for either a more definite statement of Valero's third-party complaint, or to sever some of Valero's third-party claims and to transfer those claims to the Southern District of New York under forum-selection clauses, and to dismiss the remaining third-party claim under an arbitration clause. (Docket Entry Nos. 24–26).

Before the court ruled on those motions, Valero moved for leave to amend its third-party complaint, to add factual allegations and to assert a Rule 14(c) tender as to Trafigura. (Docket

Entry No. 39). Trafigura opposes this motion because of the attempted Rule 14(c) tender. (Docket Entry No. 43).

Based on the pleadings, motions, record, and the applicable law, the court grants in part and denies in part Valero's motion for leave to file an amended third-party complaint. The court denies the motion for leave to amend to add the Rule 14(c) tender because this amendment would be futile. The court otherwise grants Valero's motion for leave to amend. The remaining motions will be addressed in a separate order to be issued with the related motions pending before this court in *The National Shipping Company v. Valero*, 19-1096 (S.D. Tex. 2019).

The reasons for the ruling in this Memorandum and Opinion are explained in detail below.

**I.     Background**

Indelpro, a Mexican company, time-chartered the *M/V Zoe Schulte*. (Docket Entry No. 1 at ¶¶ 4, 8). In March 2018, Indelpro ordered over 600 metric tons of marine fuel from Valero. (*Id.* at ¶ 14). Indelpro received an order confirmation stating that the fuel would meet industry "specification standards." (*Id.* at ¶ 16). Valero delivered the fuel that month, but Indelpro did not use it immediately. (*Id.* at ¶¶ 18, 20).

In May 2018, Indelpro was using the fuel in the *M/V Zoe Schulte* when the vessel "began experiencing serious operational issues." (*Id.* at ¶ 21). Indelpro tested the fuel and discovered that it did not meet industry standards or the "basic international standard for marine fuel." (*Id.* at ¶¶ 23–25). Indelpro alleges that as a result of using the contaminated fuel, the *M/V Schulte* was physically damaged and Indelpro's operations were disrupted and delayed. (*Id.* at ¶¶ 27–30).

In March 2019, Indelpro sued Valero in federal district court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, and, "as an independent basis for jurisdiction over the subject matter of this action," admiralty and maritime jurisdiction under 28 U.S.C. § 1333. (*Id.* at ¶¶ 2–

3). Valero answered and filed a third-party complaint against Trafigura Trading LLC under Federal Rule of Civil Procedure 14(a). (Docket Entry No. 5). Valero alleged that Trafigura supplied five fuel shipments under five contracts between February and March 2018, and that it was Trafigura's fuel that damaged the *M/V Zoe Schulte*. (*Id.* at ¶¶ 10–29). Trafigura moved for either a more definite statement, or to sever some of the claims against it and to transfer them to the Southern District of New York under forum-selection clauses, and to dismiss the remaining claim under an arbitration clause. (Docket Entry Nos. 24–26). Trafigura argued as to the more definite statement that "Valero alleges that Trafigura delivered [fuel] pursuant to five contracts," but "has not identified the contracts, and Trafigura has located only three relevant contracts." (Docket Entry No. 26 at 2).

Before the court ruled on those motions, Valero moved for leave to amend its third-party complaint, including to assert a Rule 14(c) tender against Trafigura. (Docket Entry No. 39). Trafigura opposes this motion. (Docket Entry No. 43).

## II.     The Legal Standard for Leave to Amend

A party may amend its pleading once without seeking the court's leave or the adverse party's consent before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic," *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a Rule 15(a) motion to amend pleadings may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

3

party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A plaintiff should be denied leave to amend a complaint if "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2019); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

**III.	Analysis**

After Trafigura's motions were fully briefed, but before the court ruled on them, Valero moved for leave to file an amended third-party complaint against Trafigura. (Docket Entry No. 39). The proposed amended complaint cures the deficiencies Trafigura identified in its motion for a more definite statement. The amended third-party complaint alleges that there were three contracts and identifies them, as well as the shipments that contained the allegedly contaminated fuel. (Docket Entry No. 39-1 at ¶¶ 11–36). Valero also added a Federal Rule of Civil Procedure 14(c) tender of Trafigura as a direct defendant to Indelpro. (*Id.* at ¶ 80).

Rule 14(c) provides that:

[i]f a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable --either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

Valero argues that it should be permitted to add the proposed Rule 14(c) tender to its amended third-party complaint because "Indelpro has – by its own pleadings – asserted the application of maritime jurisdiction to this case, which in turn triggers the availability of Fed. R. Civ. P. 14(c)." (Docket Entry No. 39 at 4–5).

4

Trafigura argues that this aspect of Valero's proposed amended complaint is "nothing but Valero's latest misguided effort to hale Trafigura into this forum in breach of valid, enforceable contracts between Valero and Trafigura." (Docket Entry No. 43 at 1). Trafigura argues, in effect, that Valero's proposed amended complaint is futile because Indelpro has not invoked or sought to proceed under Rule 9(h), which is required for Valero to make the proposed Rule 14(c) tender.

Federal district courts have original jurisdiction over "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The "saving to suitors" clause permits a plaintiff "to bring her claim 'at law' under the federal court's diversity jurisdiction, provided the requirements for diversity and amount in controversy are met." *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011). When a plaintiff has a claim "cognizable under admiralty jurisdiction and some other basis of federal jurisdiction," Rule 9(h) permits the plaintiff "to expressly designate her claim as being in admiralty." *Id*; *see* FED. R. CIV. P. 9(h). No specific language is necessary so long as the plaintiff has made an "identifying statement" designating admiralty jurisdiction. *Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1418 (W.D. La. 1988).

The choice is meaningful. A claim under diversity jurisdiction may be tried to a jury; a claim under admiralty jurisdiction may not. *Luera*, 635 F.3d at 188. A court determines whether a plaintiff has made a Rule 9(h) designation, or election, by "examining the totality of the circumstances, as demonstrated by the party's pleadings and actions." *Apache Corp. v. Glob. Santa Fe Drilling Co.*, 435 F. App'x 322, 325 (5th Cir. 2011). When it is unclear from the circumstances if a Rule 9(h) designation was made, the court must treat a plaintiff who explicitly asserts admiralty jurisdiction as having "automatically elected" to proceed under Rule 9(h), even

5

if there is some other basis for federal subject-matter jurisdiction. *Luera*, 635 F.3d at 189; *Apache Corp.*, 435 F. App'x at 325.

In *Apache Corp. v. Global Santa Fe Drilling Company*, 435 F. App'x at 324, Apache sued Global Santa Fe Drilling under both admiralty and federal question jurisdiction. Both parties demanded a jury trial. *Id.* Global Santa Fe later moved to strike the jury demands, arguing that federal question jurisdiction did not cover Apache's claims. *Id.* at 324–25. The district court denied Global Santa Fe's motion. *Id.* The Fifth Circuit affirmed because the parties had previously filed a joint stipulation that "Apache did not make a Rule 9(h) declaration." *Id.* at 325. The Fifth Circuit explained that the parties' actions, including the stipulation, clearly showed no Rule 9(h) designation. *Id.* A jury trial demand is one indication that a plaintiff has not made a Rule 9(h) designation or election. *Lirette v. Popich Bros. Water Transp., Inc.*, 699 F.2d 725, 729 n.6 (5th Cir. 1983); s*ee* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2315 (3d ed. 2019) ("If jurisdiction alternatively can be based on a federal question, or on diversity of citizenship and the necessary jurisdictional amount, either party may demand a jury trial, unless the plaintiff has chosen to identify the claim as an admiralty or a maritime claim, as permitted by Federal Rule 9(h)(1).").

Indelpro's complaint against Valero alleges diversity jurisdiction under 28 U.S.C. § 1332, and "as an independent basis for jurisdiction," admiralty and maritime jurisdiction under 28 U.S.C § 1332. (Docket Entry No. 1 at ¶¶ 2–3). Indelpro demanded a jury trial. (*Id.* at ¶ 7). Indelpro's actions throughout this case show that it did not elect to proceed in admiralty. At the initial conference held before Judge Edison on June 10, 2019, Indelpro explained that while it had a maritime claim, Indelpro was not proceeding under Rule 9(h). (Docket Entry No. 43-A at 17). At the same hearing, Indelpro repeated its desire for a jury trial, explaining that "[o]ne of the things

6

. . . [to be] very cautious about 9(h) . . . is [with] 9(h) I don't get a jury. Right now we're entitled to a jury." (*Id.*).

Valero argues that Indelpro's reference to admiralty and maritime jurisdiction under 28 U.S.C. § 1332 is a "*per se* assertion[] of maritime jurisdiction sufficient to trigger Valero's entitlement to Rule 14(c)." (Docket Entry No. 39 at 6). The record undermines Valero's argument. The circumstances, including Indelpro and Valero's actions and the case filings, show no election to proceed under Rule 9(h), as needed for Rule 14(c). Indelpro demanded a jury in its complaint and repeated it before the court. Valero acknowledged the lack of admiralty jurisdiction by not alleging a Rule 14(c) tender in its third-party complaint, instead proceeding under Rule 14(a). Valero maintained this position at the conference on June 10, 2019, stating that it hoped "Indelpro will file a direct action [against Trafigura] since they didn't bring it under 9(h)." (Docket Entry No. 43-A at 9).

The totality of the circumstances make it clear that Indelpro has not made a Rule 9(h) declaration and that Rule 14(c) is not available to Valero. Valero's motion for leave to amend its third-party complaint to assert a Rule 14(c) tender against Trafigura is denied because permitting Valero to plead it would be futile.

## IV. Conclusion

Valero's motion for leave to file an amended third-party complaint is granted in part and denied in part. (Docket Entry No. 39). Valero's proposed third-party complaint is granted as it relates to the new factual allegations and repetition of its claims against Trafigura. But Valero's Rule 14(c) tender is denied as futile because it is unavailable, as a matter of law, without a Rule 9(h) declaration by Indelpro.

Trafigura's motion for a more definite statement is denied in part and granted in part. (Docket Entry No. 26). The motion to sever and transfer and the motion to dismiss will be ruled on separately.

SIGNED on December 18, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge